IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY PHILLIPS,<br><br>    *Petitioner,*<br> v.<br><br>CHAD WAKEFIELD,<br><br>    *Respondent.* | CIVIL ACTION<br>NO. 23-2683 |

## ORDER

**AND NOW**, this 25th day of June 2024, upon careful and independent consideration of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (ECF No. 14), and given that Phillips has no not objected to the report,[1] it is **ORDERED** that:

---

[1]  When no objection is made to a Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). No clear error appears on the face of the record and the Court accordingly accepts Judge Hey's Recommendation.
 Phillips, who also goes by "Ricky Jones," seeks a writ of habeas corpus, challenging his pretrial detention under 28 U.S.C. § 2241. (Petition at 2-3, ECF No. 1) (pages are those assigned by ECF unless otherwise specified). He contends he was subject to false arrest and imprisonment as well as malicious prosecution. (*Id.* at 3.) He also claims his appointed counsel is "conspiring" with the prosecution and neglecting to help him as he "languish[es] in jail." (*Id.* at 7.) Finally, Phillips argues he has been deprived of his liberty without due process. (*Id.* at 8.)
 On February 14, Magistrate Judge Hey correctly recommended Phillips's petition be dismissed as moot because Phillips has pleaded guilty and been sentenced since filing his petition. (R&R at 1, 3-4, ECF No. 14.) Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Petitioner's conviction and sentence [accordingly] moots his challenge to his pretrial detention." *Lawson v. Caldwell*, No. 22-1324, 2024 WL 489536, 2024 U.S. Dist. LEXIS 22154, at *2 (D.N.J. Feb. 7, 2024) (collecting cases); *see also Bridges v. Lawton*, No. 13-3701, 2013 U.S. Dist. LEXIS 184896, at *4 (E.D. Pa. Nov. 4, 2013) (collecting cases) ("[S]ince the filing of the instant § 2241 petition challenging certain aspects of his pretrial detention, Petitioner has been convicted and sentenced. Thus, Petitioner is no longer in pretrial custody and the instant petition is moot."), R&R adopted 2014 WL 516460, 2014 U.S. Dist. LEXIS 16137 (E.D. Pa. Feb. 6, 2014).

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.  The Petition for a Writ of Habeas Corpus is **DENIED as moot**;

3.  Phillips' Motion to Withdraw is **DENIED**.

4.  A certificate of appealability **SHALL NOT** issue because the Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would debate the correctness of this decision.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000);

5.  The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:


***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

---

After Judge Hey issued the R&R, Phillips filed a motion to withdraw his petition without prejudice, explaining he would file a petition "at a later date if needed." (ECF No. 23.)  Granting this motion would produce the same result the Court reaches here, because "[w]hen a habeas petition that specifically challenges pretrial custody under 28 U.S.C. § 2241 is found to be moot after the petitioner is convicted, courts dismiss without prejudice." *Williams v. Harper*, 2:22-324, 2023 WL 2044304, 2023 U.S. Dist. LEXIS 27972, at *1-2 (W.D. Pa. Feb. 16, 2023) (citations omitted).  The Court will accordingly dismiss Phillips's petition as moot, but this dismissal is "without prejudice to [his] right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.  To the extent a certificate of appealability is required, the Court declines to issue one because reasonable jurists would agree that the petition is moot." *See Lawson*, 2024 U.S. Dist. LEXIS 22154, at *2-3 (footnote omitted).